FILED
MAILROOM
SEP - 1 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JORGE ALEJANDRO ROJAS,

*Plaintiff,*

vs.

HML GROUP LLC dba HAIL MAX LEADS, and ZAIN IFTIKHAR,

*Defendants.*

Case No. 1:26 CV 2877 -RDA-LRV

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants HML Group LLC dba Hail Max Leads ("Hail Max"), and Zain Iftikhar ("Iftikhar"), and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. "When it comes to robocalls, you can only call those who, like Blondie, have said, 'Call me. Call me on the line.' If you call people who haven't opted in, then you face liability under the Telephone Consumer Protection Act." *Perrong v. Bradford*, 2024 WL 2133801, at *1 (E.D. Pa. May 13, 2024).
2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).
3. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

4. This case involves a campaign by Defendants which placed illegal, automated calls, concerning roofing services for home residents.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.
6. This Court has personal jurisdiction over Defendants.
7. The individual Defendant is located in this District and the corporate Defendant resides in this District.
8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
10. Defendant HML Group LLC dba Hail Max Leads ("Hail Max") is a Virginia LLC, with a principal address of 585 Grove St PMB 111 Ste 145, Herndon, VA, 20170 – 4791 and a registered agent of Registered Agents Inc located at 8401 Mayland Dr Ste S Richmond, VA 23294.
11. Defendant Zain Iftikhar ("Iftikhar") is the CEO of Hail Max and is located at 585 Grove St PMB 111 Ste 145, Herndon, VA, 20170 – 4791 or 21751 Ladyslipper Sq, Ashburn, VA 20147.
12. Defendants are each a person as defined by 47 U.S.C. § 153(39).
13. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).
15. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"
>
> *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

21. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

22. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

23. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

24. The TCPA's regulations require telemarketers provide a copy of their do not call policy upon request. 47 C.F.R. § 64.1200(d)(1).

25. For a defendant to be directly liable under the TCPA, it must have initiated the disputed phone call. *See In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013). And initiation occurs when the defendant physically places the calls or is "so involved in" their placement that it essentially made them itself. *Warciak v. Subway Rests., Inc.*, CPK-16-8694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 29, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020).

26. A "defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), aff'd, 577 U.S. 153 (2016). Federal common law follows the Restatement (Third) of Agency, and includes "not only formal agency, but also principles of apparent authority and ratification." *Hossfeld v. Allstate Ins. Co.*, SRH-20-7091, 2021 WL 4819498, at *4 (N.D. Ill. Oct. 15, 2021) (citations omitted).

27. In *Dish Network*, the FCC "observed that in appropriate circumstances, a seller that did not initiate a call may be held vicariously liable for violations of the TCPA that are committed by third-party telemarketers 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" *Dish Network*, 28 FCC Rcd 14014 at ¶ 28.

28. On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing: [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy

for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy. *In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

29. The May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. At 6587 n. 107.

30. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. At 6593.

31. The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

32. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id*. at 6587 n.107.

33. The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships ... through discovery, if they are not independently privy to such information." *Id*. at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶ 46).

**ALLEGATIONS**

34. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.
35. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.
36. Plaintiff is the account holder and customary user of his phone number.
37. Plaintiff was within the Northern District of Illinois when he received the telephone calls.
38. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.
39. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.
40. Plaintiff was able to identify that Hail Max and Iftikhar made the telephone calls at issue in this case based on admissions by non-Defendant InClaims Inc and Samuel Roh, officer of InClaims Inc, an Illinois entity, which hired the services of Hail Max and Iftikhar to make the telephone calls at issue.
41. Plaintiff has not recovered any money for the telephone calls alleged in this Complaint against non-Defendant InClaims Inc and Samuel Roh.
42. **Call 1.** On or about September 27, 2024, at 1:10 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 630-919-0103.
43. Plaintiff missed Call 1.
44. **Call 2.** On or about November 15, 2024, at 4:24 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 630-919-0486.
45. When Plaintiff answered the call identified as Call 2, Plaintiff had to state a greeting multiple times and heard a longer than natural pause, prior to being connected to a male who said he was with a local roofing company and was soliciting services to be a home repair contractor.
46. Plaintiff asked the man during the call what number he was calling from, and the man responded in sum and substance that he did not know what number he was using because he was "using a computer" to call.

47. Plaintiff asked the man during the call what company he was calling from or to provide a website, the man refused.
48. Plaintiff, during the call, scheduled a home visit for the following day, at 12pm.
49. During a call back on November 16, 2024, Plaintiff placed an outbound call to both the numbers identified in Call 1 and Call 2, and both numbers had a male pre-recording play stating in sum and substance, "hello and thank you for calling your local roofing contractors", "we might have called you earlier."
50. On November 16, 2024, at approximately 11:40 AM Chicago time, an individual came to Plaintiff's residence, for the 12:00pm scheduled appointment. The individual left a business card, which identifies a name of "Shawn Roh" "Field Adjuster" and a company name of "INCLAIMS INC."
51. INCLAIMS INC was provided the lead by Hail Max. Hail Max made the telephone call, or hired a third party to make the telephone calls alleged in this action.
52. The actions alleged in this complaint were made knowingly and/or willfully.
53. Plaintiff has never consented to calls from Defendants.
54. Hail Max, according to its own website, is a "U.S. BASED, INDUSTRY LEADING CALL CENTER PROVIDING CONTRACTORS WITH ROOFING & SOLAR APPOINTMENTS," who "lock[s] in appointments with homeowners, setting a specific date and time for you to conduct an inspection in *storm-affected areas, all exclusively on behalf of* your company." https://hailmaxleads.com (*emphasis* added).
55. Hail Max's website also states, "We offer a range of services for various verticals within not only the home service industry but also inbound & outbound campaigns, customer service, live transfers, answering services and more."
56. Defendant Iftikhar, as an officers, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.
57. Defendants Hail Max and Iftikhar have purposefully selected homes in Illinois to make telephone calls to.

58. Defendants Hail Max and Iftikhar would be paid to provide leads to INCLAIMS and Roh, and each would obtain a benefit from that relationship. Hail Max and Iftikhar would get payment from INCLAIMS and Roh, and INCLAIMS and Roh would be compensated by any claim filed on behalf of the Plaintiff for any insurance claim filed.
59. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").
60. Plaintiff has never provided his consent to be called to Defendants.
61. The conduct alleged in this action was made willful and knowingly.
62. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.
63. Defendants did not have any consent to call Plaintiff.
64. Defendants are not an organization exempt from the TCPA.
65. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
66. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.
67. The statement that Call 2 was made "using a computer," combined with longer than natural pauses prior to being greeted on the telephone, and use of telephone numbers in which the caller does not know what number they are using, demonstrate that the Defendants were utilizing an ATDS.
68. Defendants would not provide information about who they were in order to evade liability under the TCPA. Plaintiff would not have known that the calls were being made by defendants in this case were it not for the in person visit.
69. In total, Defendants' and/or their affiliates placed at least two (2) automated calls to Plaintiff.
70. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.
71. The foregoing acts and omissions were in violation of the TCPA.
72. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

73. Defendants have any information concerning any entities they engage with to perform telemarketing services on their behalf in their custody and/or control.

74. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

75. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

76. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

77. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

78. Plaintiff is also entitled to an award of costs.

79. Defendants' calls were not made for "emergency purposes."

80. Defendants' calls to Plaintiff were made without any prior express written consent.

81. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

82. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

83. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

84. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

85. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

86. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

87. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

88. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
89. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
90. Plaintiff was statutorily damaged at least two (2) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.
91. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

92. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
93. By placing at least two (2) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).
94. Defendants violated the TCPA by calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). Defendants also violated the TCPA by failing to proper identify themselves pursuant to 47 C.F.R. § 64.1200(d)(4).
95. Defendants violated the TCPA by failing to provide a copy of their do not call policy upon request. 47 C.F.R. § 64.1200(d)(1).

96. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).
97. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.
98. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).
99. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $6,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);
C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);
D. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c), and the TCPA's implementing regulations;
E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5);

F. All reasonable witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: August 23, 2026

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

FILED
MAILROOM
SEP - 1 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA **DIVISION**

Jorge Alejandro Rojas
**Plaintiff(s),**

**v.**

**Civil Action Number:** 1:26 CV 2877

HML GROUP LLC et al.
**Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Complaint.
**(Title of Document)**

Jorge Alejandro Rojas
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 8/23/2026 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** __________.
**(Title of Document)**

__________
(Name of Attorney)

__________
(Address of Attorney)

__________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

__________
(Name of *Pro Se* Party (Print or Type)

__________
Signature of *Pro Se* Party

Executed on: __________ (Date)